DORÉ, Judge.
Plaintiff Edgar T. Gates instituted this suit against the defendant Marshall Quirk for -an alleged indebtedness totalling $544.77 with legal interest from date of judicial demand (August 18, 1950) plus ten (10%.) per cent, on $378.52 as attorneys’ fees. The amount of $378.52 is represented by a promissory note secured by Chattel Mortgage and providing for the ten (10%) per cent, attorneys’ fees. The defendant in his answer denied all tihe material allegations of plaintiff’s petition but in the trial of the case did not contest the validity of plaintiff’s claim as set forth in the petition, but asserted a reconventional demand against the plaintiff for an alleged five (5%) per cent, commission allegedly due the defendant as a result of five sales of tractors and attached equipment, which he claims were made on behalf of the plaintiff on, an agreement with the plaintiff. The claim for commissions amount to the sum of $587.65.
On trial of the case tihe trial judge, for written reasons assigned, granted both the main demand of the plaintiff and the recon-ventional demand of the defendant and decreed that the defendant in the original suit shall pay all costs incurred prior to the filing of tihe answer and the plaintiff shall pay the cost incurred subsequent to the filing of the answer. The plaintiff has appealed.
The sole question before us is whether or not the- reconventional demand of the defendant was properly allowed. There is no contest as to the main demand of the plaintiff.
It is shown by the evidence that the plaintiff was engaged in business in the Parish of St. Landry under tihe trade name of St. Landry Motor and Implement Company until March 20, 1950 and that his main business was the selling of Case tractors and attachments and equipment therefor. The record further reveals that the defendant was employed by the plaintiff at a weekly salary of $75 per week until September 3, 1949 when his services were terminated, at least in so far as being a salaried employee was concerned. The defendant’s claim herein for commissions is based on a subsequent agreement with the plaintiff that he would continue to contact prospective purchasers of tractors and attached equipment and that for his services he would receive a five (5%) per cent, commission on gross sales made on behalf of the plaintiff. He contends that as a result of contacting prospective purchasers, five sales were completed subsequent to his discharge; and in support of his claim he named the five purchasers and introduced tihe testimony of four of said five purchasers to the effect that he was the first to contact them with reference to purchasing tractors. It is shown, however, that all such contacts were made prior to defendant’s discharge on September 3, 1949 at a time when he was not working on a commission basis but on a a definite salary-of $75 per week. He contends that his agreement provided for his five (5%) per cent, commission on these contacts, but the evidence does not support such a contention. True, as stated by tihe trial judge, the purchasers (that is the four who testified) stated that it was due'to the solicitations of Mr. Quirk, the defendant, that they became purchasers of equipment from Mr. Gates, the plaintiff; tihe trial judge apparently overlooked the fact that these solicitations of the defendant were made when he was collecting a salary of $75 per week. Furthermore, it is clearly shown by the evidence, that the defendant subsequent to his discharge did not continue his efforts to sell tractors to these purchasers; at least, he has failed to prove to a legal certainty that he took any further steps with reference to making sales on his commission agreement subsequent to his discharge as a salaried employee. As a matter of fact, the evidence is clearly to the effect that the five sales in question were pursued by Mr. Gates and his other employees subsequent to the discharge of defendant.
Under these circumstances, it is our opinion t-hat the defendant Quirk did not earn any compensation for his services beyond the salary paid him by the plaintiff Gates and we feel that the judgment below is erroneous, for in effect it awards to the defendant Quirk a 'bonus of five (5%) per cent, commission on work which he had performed for an agreed salary of $75 per *271 week. Certainly, if he had retained his position at the said salary of $75 per week until these sales were completed, he would not be entitled to tihe commissions claimed, and the fact that he was discharged and subsequently made no further efforts to complete the sales cannot entitle him to this additional commission compensation.
For these reasons the judgment below, in so far as it affects the main demand of plaintiff, Gates, is affirmed, and in so far as the reconventional demand of the defendant is concerned, the judgment is reversed and set aside, and defendant’s reconventional is denied, all at the costs of defendant.